NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Tyree D. MIMS,

    Plaintiff,

v.

N.J. DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Civ. No. 10-2519

OPINION

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss [docket # 11] filed by Defendants Greg Bartkowski and Gary Lanigan.  The Plaintiff has not filed any opposition to the motion, despite notice from the Court informing him of his right to file an opposition, granting him additional time to file, and warning him that the motion may be deemed unopposed.  (Letter Order 1, May 12, 2011) [12].  Therefore, we deem the motion unopposed, and for the additional reasons set forth below, the motion to dismiss is granted.

## II.   BACKGROUND

The following allegations are taken from Plaintiff's Complaint [1].  Plaintiff is an inmate confined at Garden State Youth Correctional Facility (GSYCF).  He filed this Complaint against GSYCF Administrator Greg Bartkowski and New Jersey Department of Corrections

1

Commissioner Gary Lanigan, alleging various constitutional violations relating to the conditions of his confinement. He brings his claims under 28 U.S.C. § 1983.

Plaintiff's Complaint contains a laundry list of grievances, beginning with the laundry. The first and second counts state that the pillows used by inmates are not sterilized, the pillow covers are stained and discolored, and the bed sheets are sometimes torn. (Compl., Statement of Claims 1) [1-2]. The remaining fifteen counts allege problems such as mold and flies in the shower, lack of adequate fire barriers, cold and undercooked food, discolored drinking water, cold showers, stained bed sheets, inadequate heating and air conditioning, insufficient bathrooms, lack of security cameras, worn-out clothing, hard mattresses, high taxes on purchased items, too few microwaves, a poorly stocked commissary, and delayed and crowded family visits. (*Id*. at 1–6.)

The Complaint does not contain a single factual allegation against the Defendants. Instead, the Complaint generally states that Defendant Bartkowski is responsible for "[u]phold[ing] all laws which promote and insure safety, health and morals of inmates. All unconstitutional acts are in violation of the 8th and 14th Amendments, showing cruel and indifferent concern for inmates." (Compl. 5) [1]. Similarly, Defendant Lanigan is alleged to have "fail[ed] to promote and insure safety, health and morals of inmates." (*Id.*)

Defendants have now moved to dismiss the Complaint, arguing that they are not "persons" subject to suit under § 1983 and are entitled to Eleventh Amendment immunity and that Plaintiff's claims must be dismissed because they are premised on a theory of *respondeat superior*. (Br. in Supp. 1) [11-1]

III. ANALYSIS

A. **Legal Standard for Motion to Dismiss**

Under Rule 12(b)(6), a defendant bears the burden of showing that no claim has been presented. Fed. R. Civ. P. 12(b)(6); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). A claim is only plausible if the facts pleaded allow a court reasonably to infer that the "defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1949).

B. **Defendants' Amenability to Suit**

State governments and state agencies are immune from suit in federal court under the Eleventh Amendment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010). "Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Id.* (quoting *Hafer v. Melo,* 502 U.S. 21, 25 (1991). State officials may, however, be sued in their personal capacity for actions taken under color of state law. *Hafer*, 502 U.S. at 25. Actions are also available for "purely prospective relief against state

3

officials for ongoing violations of federal law." *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)).

The Complaint does not state whether the Defendants are being sued in their personal or official capacity. Defendants argue that, because they are state officials who were acting in their capacities as Commissioner and Administrator, they are immune from suit. (Br. in Supp. 6.) However, it is well-established that courts should construe pro se complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). We will thus read Plaintiff's request for damages as stating a claim against the Defendants in their personal capacity. Plaintiff also requests purely prospective relief to remedy the alleged constitutional violations, and these claims are not barred by the Eleventh Amendment or § 1983.

### C. Plaintiff's Eighth Amendment Claims

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). The Eighth Amendment is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Helling*, 509 U.S. at 32 (quoting *Rhodes*, 452 U.S. at 346). The subjective component requires that the defendant acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson*, 501 U.S. at 303. Deliberate indifference requires subjective

4

knowledge, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Plaintiff's claims must fail because he makes no allegation that the Defendants were aware of these conditions, let alone that they acted with deliberate indifference. The Complaint appears to allege that Plaintiff submitted a request for an administrative remedy, (Compl. 6 ("Inmate grievance was provided")), but the Complaint does not explain which GSYCF staff person received the grievance or if the Defendants were ever made aware of the grievance. The Complaint never once mentions either Defendant in connection with the alleged unconstitutional conditions other than the general statements that Defendant Bartkowski is responsible for "[u]phold[ing] all laws which promote and insure safety, health and morals of inmates" and Defendant Lanigan "fail[ed] to promote and insure safety, health and morals of inmates." (*Id*. at 5). Thus, there is no basis to conclude that the Defendants were even aware of the alleged violations of Plaintiff's Eighth Amendment rights, and Plaintiff therefore fails to state a claim that the Defendants were deliberately indifferent to any violation.[1] Accordingly, we will dismiss the Complaint against the Defendants.

---

[1] We also note that several of the purported problems cited in the Complaint do not rise to the level of a "denial of 'the minimal civilized measure of life's necessities.'" *See Farmer*, 511 U.S. at 835 (quoting *Rhodes,* 452 U.S. at 347).

## IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss. The Court will issue an appropriate order to follow.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.

DATED: July 19, 2011